CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 14 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JASON S. KARAVIAS, II,<br>    Plaintiff, | )<br>)<br>) | Civil Action No. 7:12-cv-00624 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| COMMONWEALTH OF VA, et al.,<br>    Defendants. | )<br>)<br>) | By:   Hon. Jackson L. Kiser<br>         Senior United States District Judge |

Jason S. Karavias, II, a Virginia inmate proceeding pro se and in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Commonwealth Of Virginia, Correctional Officer D.N. Farmer, and Nurse Whitt. Service has been accomplished on the Commonwealth of Virginia and Officer Farmer, but service has not yet been accomplished on Nurse Whitt.[1] Accordingly, I review plaintiff's claims against Nurse Whitt pursuant to 28 U.S.C. § 1915 and § 1915A, and find that plaintiff fails to state a claim against Nurse Whitt upon which relief may be granted.

Plaintiff alleges that Officer Farmer employed excessive force against him at the Red Onion State Prison. Plaintiff's allegation about subsequent medical treatment reads, "I wasn't given proper medical care of treatment [be]cause I wasn't sent out for X-ray[s] to the hospital or medical treatment to my injuries [–] broken fingers, cuts, bruises [–] 5 weeks before given a[n] X-ray taken [sic]. I seek . . . $30,000 for deliberate indifference neglect [sic] by Nurse Whit[,] wasn't sent to hospital."[2] (Compl. 2.)

---

[1] The Commonwealth of Virginia and Officer Farmer have filed an Answer, and I will order them to file a motion for summary judgment by a separate order.

[2] Although plaintiff does not describe the need for medical treatment, he ostensibly sought treatment for injuries caused by Officer's Farmer's alleged use of force.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[3] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff fails to describe how Nurse Whitt relates to his dissatisfaction with the medical care he received and merely relies on labels and conclusions to describe an Eighth Amendment

---

[3] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

deliberate indifference claim. See Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Furthermore, claims of negligent medical care are not cognizable in a § 1983 action. Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998). Accordingly, plaintiff fails to state a claim against Nurse Whitt upon which relief may be granted, and the claims against Nurse Whitt are dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff's action continues against the Commonwealth of Virginia and Officer Farmer, who shall file a motion for summary judgment.

    The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

    **ENTER**: This 14th day of June, 2013.

*[signature]*
Senior United States District Judge